UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 3: 09-07-DCR |
| V. | ) ) | |
| BOBBY COCKERELL, III, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On March 20, 2009, Defendant Bobby Cockerell and two co-defendants escaped from an Indiana prison. Three days later, the trio assaulted two individuals in Carroll County, Kentucky and stole several firearms.[1] The defendants' actions let to their indictment for violating 18 U.S.C. §§ 922(g)(1) and 924(e). Cockerell later entered a guilty plea and was sentenced to a term of incarceration of ten years. [Record No. 54] He did not appeal the sentence. Likewise, Cockerell did not seek collateral relief under 28 U.S.C. § 2255.

---

[1] The assault and theft of weapons is summarized as follows in paragraphs 7 and 8 of the affidavit of ATF Special Agent Steven Frueh:

> . . . on March 23, 2009, at approximately 9:30 am, Richard Marshall . . . entered the barn located on his property and was struck multiple times by the individuals and left in the barn. . . . [The] three subject then entered the . . . residence and assaulted Keith Marshall, who also resides at the same residence and is the brother of Richard Marshall, with a 2x2 club. . . . Keith Marshall was tied up and was told that he would be killed if he did not tell the individuals where the firearms were [located]. . . . [T]he three subjects stole [a number of weapons].

[Record No. 44]

The matter is pending for consideration of Defendant Cockerell's August 1, 2013 pleading captioned "Motion Under Rule 60(b) to Nullify Unconstitutional Indictment for Failure to Have a Quorum, Lack of Subject Matter Jurisdiction, (Rule 60 b Exhibit J), Due Process Violations and Jury Demand." [Record No. 97] The United States filed a response to the motion on September 16, 2013 [Record No. 102] and Cockerell has filed a reply. [Record No. 103] Having reviewed these materials, the Court will deny the relief sought by Cockerell for two reasons. First, Cockerell has requested relief under Rule 60(b) of the Federal Rules of Civil Procedure. However, he has not previously filed a motion for collateral relief under 28 U.S.C. § 2255. Thus, there is no civil action pending or dismissed upon which a Rule 60 motion may be considered. And Cockerell may not seek Rule 60(b) relief in this criminal proceeding. Second, the defendant's motion is totally without merit.

## I.

**A.   Rule 60(b) of the Federal Rules of Civil Procedure Does Not Apply in Criminal Proceedings.**

To obtain relief from a judgment or order under Federal Rule of Civil Procedure 60(b), a movant must demonstrate that the order or judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or other misconduct of the adverse party. Additionally, a party may base the motion on a claim that the judgment is void or has been satisfied, released or discharged. Finally, subsection (6) of the rule allows relief if the movant can show "any other reason that justifies relief." *See* Rule 60(b), Fed.R.Civ.P. Thus, a motion for relief from a judgment requires that a party establish that the

facts fall within one of these enumerated categories. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004).

But there is one important prerequisite: courts considering criminal defendants' motions pursuant to Rule 60(b) have repeatedly noted that, "[t]he Federal Rule of Civil Procedure 'unambiguously' limited [its] application to *civil* cases . . . and 'Rule 60(b) simply does not provide for relief from judgment in a criminal case.'" *Fair*, 326 F.3d at 1218 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). In *United States v. Bender*, the Sixth Circuit held that Rule 60(b) "may be used to seek relief from the denial of [a] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *Bender*, 96 F. App'x at 1218.

Here, Cockerell does not cite a specific subsection of Rule 60(b) in support of his assertions.[2] However, the record is clear that he has not instituted a civil proceeding. Therefore, based on the authorities cited above, the requested relief may not be sought in this criminal matter.

### B.    Cockerell's Motion is Totally Without Merit.

As noted by the United States District Court for the Western District of Missouri in *Cardenas-Celestino v. United States*, 552 F. Supp.2d 962, 966 (W.D.Mo. 2008), Cockerell's claim is "part of a new rash of frivolous claims raised by prisoners across the country."

---

[2]    In his reply filed on September 27, 2013, Cockerell argues that "he has shown that there is newly discovered evidence that shows his civil rights have been violated under Rule 60(b)." [Record No. 103] Rule 60(b)(2) provides the vehicle for relief based upon newly discovered evidence. However, under this subsection, relief must be sought within one year after entry of the judgment. *See* Rule 60(c), Fed.R.Civ.P. In the present case, Cockerell's motion was filed nearly four years after entry of his criminal judgment. Thus, his motion would be time-barred if based upon a claim of newly discovered evidence.

However, "all of [the] allegations concerning the supposed irregular adoption of Public Law 80-772 have been firmly denied by every court to address them." *Id.* In fact, in *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2008), the Seventh Circuit concluded that an identical argument advanced by a prisoner was "unbelievably frivolous." *See also*, *United States v. States*, 242 Fed. App'x 362, 2007 U.S. App. LEXIS 22756 (7th Cir. 2007) ("This case is unbelievably frivolous. We AFFIRM."); *United States v. Penwell*, 455 Fed. App'x 181, 184, 2011 U.S. App. LEXIS 25831 (3rd Cir. 2011); and *United States v. Levy*, 849 F.Supp.2d 1353, 1353-57 (S.D.Fla. 2012). This Court has reached a similar conclusion in *Mullican v. Stine*, 2007 U.S. Dist. LEXIS 29884 (E.D. Ky. 2007), and *Campbell v. Gonzalez*, 2007 U.S. Dist. 23307 (E.D. Ky. 2007).

## II.

For the reasons outlined above, it is hereby

**ORDERED** that Defendant Bobby Cockerell's motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Record No. 97] is **DENIED**.

This 1st day of October, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge